WILLIAM T. KENNEDY *vs.* JAMES A. FAVOR & another.

An officer cannot justify the arrest of a person without a warrant under *St.* 1855, *c.* 215, § 13, on the ground that he was illegally transporting intoxicating liquors, without showing that he had reasonable proof at the time of the arrest that such person was illegally transporting the liquors; and it is not sufficient that the officer acted in good faith, and had reasonable cause to suspect that the plaintiff was illegally transporting the liquors.

It is not necessary to justify the arrest of a person without a warrant, for illegally transporting intoxicating liquors, under *St.* 1855, *c.* 215, § 13, to prove that a warrant was afterwards procured against the liquors seized at the same time.

An officer who arrests a person without a warrant, pursuant to *St.* 1855, *c.* 215, § 13, and restrains him in a proper place and manner, cannot be proved to have acted maliciously.

ACTION OF TORT for assault and false imprisonment. The defendants justified as constables of the city of Cambridge, under *St.* 1855, *c.* 215, § 13.

At the trial in the superior court of Suffolk, at March term 1857, before *Abbott*, J., the plaintiff introduced evidence that, as he was passing through Cambridge upon a wagon, which contained intoxicating liquors, he was arrested without a warrant, and imprisoned in a watchhouse and carried before the police court by the defendants. He also offered to prove that he was not the driver of the wagon, and had no control over either it or

its contents, but was riding as a passenger only; and that the liquors were not intended for sale, and were not illegally transported.

The defendants contended " that if they acted *bona fide*, and had reasonable cause to suspect that the plaintiff was engaged in the violation of said section, then they were justified in making the arrest and the imprisonment." And the judge ruled " that they would not be liable therefor in this action, under such circumstances, if they proceeded to make a complaint and obtain a warrant against the plaintiff as soon as they could, and in the mean time kept the plaintiff restrained in a fit and proper place."

The judge also ruled, " that if the defendants acted maliciously, the plaintiff could not recover, provided the defendants made a complaint and obtained a warrant against the plaintiff as soon as they could, and in the mean time restrained him in a fit and proper place and manner."

The plaintiff contended " that the defendants could not justify the arrest of the plaintiff under said section, without showing that they also procured a warrant for the liquors, which were seized at the time of the arrest, or showing some legal reason for not proceeding against the liquors." But the judge overruled this objection.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*N. St. J. Green*, for the plaintiff, cited *Mason* v. *Lothrop*, 7 Gray, 354; *Rex* v. *Curran*, 3 Car. & P. 397; *Leglise* v. *Champante*, 2 Stra. 820; *Warner* v. *Varley*, 6 T. R. 443.

*B. F. Butler*, for the defendants. The defendants, acting in good faith, and seeing the plaintiff engaged in transporting intoxicating liquors, with reasonable cause to suspect that he was violating the *St.* of 1855, *c.* 215, § 13, were justified by that statute in arresting him. The validity of the arrest and prosecution of the offender do not depend on the prosecution of the liquors. *St.* 1855, *c.* 215, § 24. *Mason* v. *Lothrop*, 7 Gray, 354. The defendants having restrained and prosecuted the plaintiff in a proper manner, their motives were immaterial; and, if mate-

rial, could only be inquired into in an action for malicious prosecution.

SHAW, C. J. This case is governed by the case of *Mason* v. *Lothrop*, 7 Gray, 354.

1. The authority to seize liquors without a warrant, though sometimes necessary, is a high power; and, being in deroga- tion of common law right, it is to be exercised only where it is clearly authorized by the statute or rule of law which war- rants it.

In the *St.* of 1855, § 13, the officers there named are author- ized to arrest the person without warrant, and seize the liquor without warrant, in terms, only where the liquor is kept or transported for sale contrary to law. By a later clause in the same act it is made the duty of the several officers enumerated *to enforce* the penalties provided for in case of violation of the act, of which they can obtain reasonable proof.

The latter clause modifies the former, which, if taken by itself, would in effect be a justification for the officer in cases only where the party is guilty of the offence, holding the officer to justify his act only on the same condition. But, taking the clause as modified, it extends the authority to cases where the officer has or can obtain reasonable proof.

But such proof must be that kind of proof which the subject admits of. The transporting may be easily proved; but that is not sufficient. It must be transporting with the guilty and un- lawful intent contemplated by the statute. But such intent, being in the breast of the party to whom it is imputed, can ordinarily be proved only by external circumstances. If these are such as to satisfy a jury that the defendant had the guilty intent, such is reasonable proof to the officer, and is a justifi- cation within the statute. But this is something beyond mere probable cause to believe, or suspicion, and therefore it is not enough that there has been a conviction to that effect before the magistrate. The charge, therefore, that if the defendants had "reasonable cause to suspect," &c., was not equivalent to an instruction that if they had any reasonable proof, and was not correct in law. They should have been instructed that, if the

defendants had any reasonable proof, &c., it was a justifica-tion.

2. It is sufficient that the defendants seasonably procured a warrant against the person, without proving affirmatively that they also proceeded against the liquors. If the action had been for seizing the liquor, they must have shown due proceedings in justification. But this is for arresting the person only; and whether they proceeded against the liquor (which they may have done for aught that appears) is immaterial. *Mason* v. *Lothrop,* 7 Gray, 354.

3. If the act was lawful, the motive with which it was done is immaterial, and express malice is not provable.

*Exceptions sustained.*